UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BARRY COUCH,

    Petitioner,

v.                                     CASE NO. 05-CV-74585-DT
                                     HONORABLE BERNARD A. FRIEDMAN

STATE OF MICHIGAN,

    Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS, AND (3) DENYING REQUEST FOR EXPEDITED REVIEW**

Daniel Barry Couch ("Petitioner"), a state prisoner presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for writ of habeas corpus, as well as a request for expedited review. In his pleadings, Petitioner challenges the state trial court's denial of his motion for release on bond pending the resolution of his state court motion for relief from judgment. For the reasons set forth below, the Court denies the habeas petition and denies the request for expedited review.

I.    **Facts and Procedural History**

Petitioner was convicted of second-degree murder following a jury trial in the Oakland County Circuit Court in 2001 and sentenced to 19 to 40 years imprisonment. The Michigan Court of Appeals affirmed his conviction. *See People v. Couch*, No. 233176 (Mich. App. June 24, 2003). The Michigan Supreme Court subsequently denied leave to appeal. *See People v.*

*Couch*, 469 Mich. 990, 674 N.W.2d 154 (2003).

In 2004, Petitioner filed a motion for relief from judgment and a motion for release on bond with the state trial court. The trial court denied the motion for bond, and the motion for relief from judgment remains pending in the state courts. Petitioner subsequently filed an application for leave to appeal the bond denial with the Michigan Court of Appeals, which was denied. *See People v. Couch*, No. 257600 (Mich. App. Jan. 27, 2005). The Michigan Supreme Court also denied leave to appeal. *See People v. Couch*, 472 Mich. 896, 695 N.W.2d 73 (2005).

Petitioner thereafter filed the instant habeas petition in which he challenges the state trial court's decision denying him release on bond pending the disposition of his state court motion for relief from judgment.

**II.     Discussion**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the grounds raised in the petition lack merit, such that the petition must be denied.

There is no absolute federal constitutional right to release on bond pending trial or appeal. *See Bloss v. Michigan*, 421 F.2d 903, 905 (6th Cir. 1970). Furthermore, the federal district courts do not sit as appellate courts to review state court decisions granting or withholding bail pending an appeal. *Id.* at 906. Petitioner thus has no federal right to release on bond pending the state courts' resolution of his motion for relief from judgment.

Additionally, to the extent that Petitioner is relying upon state law to create a liberty interest in bail on post-conviction review, his petition lacks merit. Michigan Compiled Laws § 770.9a(2) provides that a defendant convicted of an assaultive crime shall not be admitted to bail unless a court finds by clear and convincing evidence that he is not likely to pose a danger to other persons and the appeal or application raises a substantial question of law or fact. There is no Michigan law which requires that bail be granted to a person who seeks post-judgment relief after his criminal conviction has become final; nor does Michigan law provide criteria which a court must consider when faced with a request for release on bail under such circumstances. In ruling on Petitioner's post-conviction motion for release on bond, the state trial court found as much and further determined that bond was not appropriate. Petitioner's second-degree murder conviction is final, he has no direct appeal or application pending in the state courts, and he has not been granted any post-judgment relief which may call into question the validity of his continued confinement. Petitioner has thus failed to show that the trial court abused its discretion in denying him release on bond pending the resolution of his motion for relief from judgment, or that the state courts have otherwise violated his federal constitutional rights.[1]

---

[1] The present case is distinguishable from *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981) (pre-trial denial of bail without a statement of reasons violated the Fourteenth Amendment), and from *Love v. Ficano*, 19 F. Supp. 2d 754 (E.D. Mich. 1998) (Michigan Court of Appeals' revocation of post-conviction bond granted to a defendant who had been granted a new trial

Lastly, to the extent that Petitioner alleges a violation of state law bail provisions, he is not entitled to habeas relief. It is well-established that habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is therefore not warranted in this case.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his habeas petition and that the petition must be denied.[2] The Court also determines that his request for expedited review must be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the

---

pending prosecution's appeal without a statement of reasons violated due process).

[2]The Court makes no determination as to the merits of any challenges Petitioner may raise regarding the validity of his criminal conviction and sentence.

underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated *supra*, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE** and that the request for expedited review is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

						____s/Bernard A. Friedman
						BERNARD A. FRIEDMAN
						UNITED STATES DISTRICT JUDGE

DATED:   ____December 29, 2005_____